UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TONYA GRIFFIN,

    Plaintiff,

CASE NO.: _____

vs.

GEORGIA PACIFIC, LLC,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant Foley Cellulose LLC (incorrectly identified as "Georgia Pacific, LLC" in Plaintiff's Complaint) ("Defendant"), by and through its undersigned counsel, hereby gives notice of removal of the case styled *Tonya Griffin v. Georgia Pacific, LLC*, Case No. 20-CA-534, currently pending in the Circuit Court for the Third Judicial Circuit, in and for Taylor County, Florida (the "State Court Action"), to the United States District Court for the Northern District of Florida, Tallahassee Division. As grounds, Defendant states:

1. On or about December 14, 2020, Plaintiff filed a Complaint with the Circuit Court for the Third Judicial Circuit, in and for Taylor County, Florida initiating the State Court Action. Plaintiff named Defendant as the sole defendant and alleged violations of Fla. Stats. §760 and §440.205.

1

2. Defendant answered the Complaint on February 22, 2021, denying all allegations in the Complaint and setting forth its defenses.

3. On February 24, 2021, Defendant served its First Interrogatories and First Request for Production of Documents ("Defendant's initial discovery").

4. On May 5, 2021, Plaintiff served her responses to Defendant's initial discovery.

5. Upon reviewing Plaintiff's verified responses to interrogatory numbers 3 and 4, Defendant learned that Plaintiff seeks damages in excess of $75,000.00. [A true and accurate copy of Plaintiff's Verified Responses to Interrogatory Nos. 3 and 4 is attached as Exhibit A.] Further, diversity of citizenship exists amongst the parties. Therefore, the case is removable on the basis of diversity jurisdiction.

6. Pursuant to 28 U.S.C. § 1446(b)(3), Defendant has timely filed this Notice of Removal within 30 days after receiving notice that this case is removable.

7. The state law claim asserted in Plaintiff's Complaint (Count II, Retaliation – Section 440.205) arises out of the same case or controversy and therefore falls within the Court's supplemental jurisdiction, and removal of the entire case is proper. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution.);

*Jackson v. State of Florida*, 2014 WL 11394865, at *5 (N.D. Fla. May 14, 2014) (noting that the court has supplemental jurisdiction over plaintiff's Section 440.205 claim pursuant to 28 U.S.C. § 1367(a)). To the extent Plaintiff's claim for workers compensation retaliation under Florida state law, as asserted in Count II of the Complaint, is deemed non-removable, this action is still properly removable pursuant to 28 U.S.C. § 1441(c)(1)(B):

> If a civil action includes . . . a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c)(1)(B). Pursuant to Section 1441(c)(1)(B), Defendant is removing the entire action.

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 7.2, a true and legible copy of each paper filed or served in the State Court Action is attached as Exhibit B.

9. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Third Judicial Circuit, in and for Taylor County, Florida, as required by law, and is attached hereto as Exhibit C.

10. Written notice of the Filing of Notice of Removal to Federal Court is being provided to Plaintiff herewith, as required by 28 U.S.C. § 1446(d).

11. Under 28 U.S.C. § 1441(a) and Local Rule 3.1(a), venue of the removed action is proper in this Court as this is the district and division embracing the place

3

where the State Court Action is pending. Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b).

## Removal Is Proper Based Upon Diversity Jurisdiction

12. This action may be removed to this Court pursuant to 28 U.S.C. § 1441, in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, the facts supporting diversity jurisdiction are set forth below.

### A. Diversity of Citizenship

13. Plaintiff states she is a citizen of Florida. (Compl. ¶ 3).

14. Foley Cellulose LLC is a Delaware limited liability corporation. A limited liability company is a citizen of any state of which a member of the company is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The members of Foley Cellulose are a series of other limited liability companies up to Koch Industries, Inc., a Kansas entity with a principal place of business in Kansas. (*See* Declaration of Mark D. Berry, attached hereto as Exhibit D, for a detailed explanation of Foley Cellulose LLC's corporate structure).

15. As Defendant is a citizen of Delaware and Kansas, and Plaintiff is a citizen of Florida, complete diversity of citizenship exists between the parties.

### B. Amount in Controversy

16. Plaintiff brings claims for violations of the Florida Civil Rights Act, Fla. Stat. § 760, *et seq.* ("FCRA").

17. In her Complaint, Plaintiff alleges damages in excess of $30,000. (Compl. ¶ 2). Specifically, Plaintiff seeks compensation for "emotional distress, mental pain and suffering, past and future pecuniary loses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits," "injunctive/equitable relief and punitive damages," and claims that her damages "have occurred in the past, are permanent and continuing." (Compl. ¶¶ 48, 54). Plaintiff also seeks "lost wages and other tangible and intangible damages and every other kind of damage allowed by law" and "emotional pain and suffering damages and other intangible damages that continue to day." (Compl. ¶ 54). Even further, Plaintiff seeks "all legally-available general and compensatory damages and economic loss," "attorney's fees and costs," "interest where appropriate," and "other further relief as being just and proper under the circumstances." (Compl. at p. 9, in the Prayer for Relief).

18. "If the plaintiff has not pleaded a specific amount in damages, the removing defendant bears the burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement." *AAA Abachman Enter., Inc. v. Stanley Steemer Int'l, Inc.*, No. 07-14102, 2008 WL

624040, at *2 (11th Cir. 2008). However, the amount at issue for removal may not be susceptible to precise measurement. *See Bishop Clarkson Mem'l Hosp. v. Reserve Life Ins. Co.*, 350 F.2d 1006, 1009 (8th Cir. 1965).

19.    Although Plaintiff has failed to plead a specific amount of damages, it is clear based on her interrogatory responses that the amount in controversy exceeds $75,000.00.

20.    Plaintiff is seeking back and front pay damages (*see* Compl. ¶ 48). Pursuant to her verified response to interrogatory number 3, Plaintiff states that she earned $16 per hour and worked an average of 40 hours per week. *See* Exh. A at p. 3. Plaintiff estimates "about $61,440 lost in wages to date" and claims that this "calculation is ongoing." *Id.*[1] Plaintiff's employment ended on May 10, 2019. By the time of trial – approximately one year from now – those lost wages will exceed $100,480.00. *Deel v. Metromedia Rest. Servs., Inc.*, No. 3:05CV120/MCR, 2006 WL 481667, at *4 (N.D. Fla. Feb. 27, 2006) (calculating back pay to date of trial). In addition, courts have considered a plaintiff's potential recovery of front pay when calculating the amount in controversy. *See, e.g., Love v. Northern Tool & Equipment*

---

[1] In her verified interrogatory responses, Plaintiff also claims she would have earned overtime, at a pay rate of "$16 plus time and a half" for "2 to 3 days" per week; "holiday pay for every holiday"; and would have been eligible for a pay raise to $17.49 per hour if her employment with Defendant had continued. *See* Exh. A at p. 3. Plaintiff also claims damages for loss of insurance and early withdrawal from her retirement. *Id.*

*Co., Inc.*, No. 08-20453, 2008 WL 2955124, at *4 (S.D. Fla. Aug. 1, 2008) (considering front pay in calculating amount in controversy for removal purposes); *Brown v. Cunninham Lindsey U.S., Inc.*, No. 3:05-cv-141, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (valuing reinstatement or front pay for purposes of determining jurisdictional amount); *Logsdon v. Duron, Inc.*, No. 3:05-cv-243, 2005 WL 1163095, at *5 (M.D. Fla. May 17, 2005) (same). Adding front pay of approximately one year (see *Brown v. Cunninham Lindsey U.S., Inc.*, No. 3:05-cv-141, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (valuing reinstatement or front pay for purposes of determining jurisdictional amount)) to the back pay claim reinforces that the amount in controversy is well over the $75,000.00 threshold.

21. In response to interrogatory number 4, Plaintiff states that she "became depressed, experiencing; insomnia, loss of interest in daily activities, unexplained aches and pains, uncontrollable crying and low mood most days, worried that I would lose my house and unable to pay my bills" and that she "has not placed an amount on these damages as she is seeking the maximum allowed by law and as awarded by a jury." *See* Exh. A at p. 3. The fact that a plaintiff can potentially be awarded thousands of dollars in compensatory damages for the potential humiliation surrounding the alleged discrimination or other injuries and awarded back pay/front pay damages, must be considered in determining the jurisdictional amount of a claim. *See Leslie v. BancTec Service Corp.*, 928 F. Supp. 341, 350 (S.D. N.Y. June

10, 1996). Courts have also considered compensatory damages in determining the amount in controversy. "While it is difficult to quantify the value of these damages, for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *Schmidt v. Pantry, Inc.*, No. 1:11-cv-228, 2012 WL 1313490, at *3 (N.D. Fla. Mar. 6, 2012). Jury verdict and settlement reports in employment-related retaliation cases where compensatory damages are awarded establish that successful plaintiffs routinely recover awards that would satisfy or exceed the jurisdictional threshold. *See, e.g., Stone v. GEICO General Ins. Co.*, No. 8:05-cv-636, 2009 WL 3720954 (M.D. Fla. Nov. 5, 2009) (jury awarded $200,000.00 in compensatory damages for emotional pain and mental anguish); *EEOC v. Federal Express Corp.*, 2004 WL 6024553 (M.D. Fla. Dec. 16, 2004) (noting that court reduced award for emotional pain and suffering in retaliation case from $1,370,000 to $350,000). Here, Plaintiff seeks the "maximum" compensatory damages "allowed by law" and "awarded by a jury," which could alone exceed the jurisdictional threshold.

22. Finally, Plaintiff's request for attorneys' fees and costs must be taken into account when calculating the amount in controversy. Indeed, when a statute, such as the FCRA, "authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808, n.4 (11th Cir. 2003) (attorneys' fees

are included in the amount in controversy if they are provided for under statute); *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (including prospective attorneys' fees in the amount in controversy) (citing *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)). Because attorneys' fees in employment cases often exceed the jurisdictional threshold of $75,000, there is no question that the amount in controversy has been satisfied in the instant case. *See, e.g., EEOC v. Enterprise Leasing Co., Inc.*, No. 8:00-cv-2012, 2003 WL 21659097, at *8 (M.D. Fla. May 16, 2003) (intervening attorney was awarded $77,165.00 for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar).

23. The various types of alleged damages sought in Plaintiff's verified interrogatory responses make clear that the amount in controversy exceeds $75,000.00. Although Defendant denies that Plaintiff is entitled to these damages, these are the damages that Plaintiff is seeking in this action and those damages represent the amount in controversy. The amount in controversy requirement is satisfied. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it").

WHEREFORE, Defendant respectfully requests that *Tonya Griffin v. Georgia Pacific, LLC*, Case No. 20-CA-534, currently pending in the Circuit Court for the Third Judicial Circuit, in and for Taylor County, Florida, be removed to the United States District Court for the Northern District of Florida, Tallahassee Division.

Dated: June 4, 2021.

    Respectfully submitted,

*/s/ Vanessa Patel*
Vanessa Patel
Florida Bar No. 103928
vanessa.patel@ogletree.com
Karen E. Smeda
Florida Bar No. 1011113
karen.smeda@ogletree.com
Secondary E-mail:
    elba.chinea@ogletree.com
    angela2.jackson@ogletree.com
    TAMDocketing@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Tel. 813-289-1247/Fax: 813-289-6530
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2021, I electronically filed the foregoing with the Court's CM/ECF system which will serve a copy of this document electronically to all counsel of record:

Marie A. Mattox, Esq.

Jim Garrity, Esq.
Marie A. Mattox, P.A.
310 East Bradford Road
Tallahassee, FL 32303
T: (850) 383-4800
E-mail: marie@mattoxlaw.com
Secondary E-mails:
michelle2@mattoxlaw.com
marlene@mattoxlaw.com

*Counsel for Plaintiff*


                  */s/ Vanessa Patel*
                    Attorney

47129072.1