# EXHIBIT "B"

## INDEX OF DOCUMENTS FILED/SERVED

**Tonya Griffin v. Georgia Pacific, LLC**
**Circuit Court of Third Judicial Circuit, Taylor County, Florida**
**Case No.: 20-CA-534**

| Date Filed | Document |
|---|---|
| 12/6/2020 | Complaint |
| 12/6/2020 | Civil Cover Sheet |
| 12/8/2020 | Plaintiff's Notice of Appearance |
| 12/14/2020 | Summons (issued) |
| 01/19/2021 | Verified Return of Service |
| 02/04/2021 | Plaintiff's Motion for Default |
| 02/10/2021 | Defendant's Notice of Appearance (Vanessa Patel) |
| 02/10/2021 | Plaintiff's Notice of Withdrawal of Notice for Default |
| 02/22/2021 | Answer to Complaint |
| 02/22/2021 | Defendant's Notice of Appearance (Karen Smeda) |
| 02/24/2021 | Defendant's Notice of Serving First Set of Interrogatories and First Request for Production to Plaintiff |
| 05/05/2021 | Plaintiff's Notice of Service of Answers to Interrogatories |

## DOCUMENTS SERVED, BUT NOT FILED:

| Date Served | Document |
|---|---|
| 02/24/2021 | Defendant's First Request for Production to Plaintiff |
| 02/24/2021 | Defendant's First Set of Interrogatories to Plaintiff |
| 05/05/2021 | Plaintiff's Answers to Defendant's First Set of Interrogatories |
| 05/05/2021 | Plaintiff's Response to Defendant's First Request for Production |

47365282.1

**IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR TAYLOR COUNTY, FLORIDA**

**TONYA GRIFFIN,**

      **Plaintiff,**

v.

**GEORGIA PACIFIC, LLC.,**

      **Defendant.**

_____/

**CASE NO.: 20-CA-
FLA BAR NO.: 0739685**

FILED IN OFFICE

DEC 1 4 2020

GARY KNOWLES CLERK OF COURT

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **GEORGIA PACIFIC, LLC
C/O CT CORPORATION SYSTEM – REGISTERED AGENT
1200 S PINE ISLAND RD
PLANTATION, FL 33324**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on __12/14_____, 2020.

                           CLERK OF THE CIRCUIT COURT

                           By: _Salena Gibbs_

CIRCUIT COURT
TAYLOR COUNTY, FLORIDA

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR TAYLOR COUNTY, FLORIDA

**TONYA GRIFFIN,**                           CASE NO.: 20-CA-
                                             FLA BAR NO.: 0739685

      **Plaintiff,**

**v.**

**GEORGIA PACIFIC, LLC.,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, TONYA GRIFFIN, hereby sues Defendant, GEORGIA PACIFIC, LLC. and

alleges:

## NATURE OF THE ACTION

1.     This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes and under Chapter 440, Florida Statutes.

2.     This action involves claims which are, individually, in excess of Thirty Thousand

Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3.     At all times pertinent hereto, Plaintiff, TONYA GRIFFIN, has been a resident of

the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class

due to her actual or perceived disability and/ or record of impairment, and she was retaliated

against after obtaining or attempting to obtain benefits under Chapter 440, Florida Statutes.

4.     At all times pertinent hereto, Defendant, GEORGIA PACIFIC, LLC. has been

organized and existing under the laws of the State of Florida. At all times pertinent to this action,

Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.       Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission and received her Right to Sue notice.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.       Plaintiff is a workers' compensation beneficiary with an actual or perceived disability and/ or record of impairment. She began her employment with Defendant on or about June 1, 2018 held the position of Production Technician at the time of her wrongful termination on May 13, 2019.

7.       Plaintiff had no disciplinary record with Defendant, and Defendant took no issue with Plaintiff's work until after her on the job injury.

8.       Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her actual or perceived disability and/ or record of impairment. Further, because she reported an on the job injury and obtained (WC) benefits, she was subjected to retaliation thereafter.

9.       The disparate treatment and retaliation came at the hands of specifically but not limited to, Senior HR Generalist Ruth Stevens, HR Manager Lauren Hickman, and RN Christina Weed.

2

10.     On or around April 1, 2019, Plaintiff was injured on the job and suffered a serious medical injury of which Defendant was aware. Plaintiff's injuries included but were not limited to the left side of her back and her left shoulder.

11.     These injuries prevent Plaintiff from fully engaging in several major life activities including heavy lifting, reaching, extending her arms, yardwork, etc. Notwithstanding her disabling condition, Plaintiff was able to perform the essential functions of her position with and/or without accommodations.

12.     After Plaintiff was injured, she reported the injury to Defendant who filed a first report of injury or illness form and Plaintiff began to receive workers compensation benefits.

13.     Plaintiff ended up requiring rotator cuff and other surgeries. Plaintiff was therefore occasionally out of work for doctor's visits and was given medical excuse notes to be absent from work from her physicians.

14.     After her injury, Defendant's Human Resources (HR) Department began to target Plaintiff for termination. The HR Department failed to assist Plaintiff throughout the workers' compensation process and failed to provide essential documents to Plaintiff's medical provider. Plaintiff met with HR on numerous occasions for help with workers' compensation to no avail and was forced to handle her claim on her own.

15.     Plaintiff was treated less favorably than other non-disabled/perceived as disabled employees or those without a record of impairment or on the job injury. Other employees had missed work or broken rules and were not subject to immediate termination as Plaintiff was.

16.     On or around April 29, 2019, Plaintiff called Defendant's agent RN Christina Weed. Plaintiff wanted to inform Defendant that she chad an appointment at 9:00 with Dr. Abdul Sofi and was feeling ill so she would not be in.

3

17.     RN Weed told Plaintiff to call Linda Evans (Plaintiff's supervisor) and notify her as well, which Plaintiff did.

18.     During her appointment, Plaintiff was given pain medication injections, a steroid shot, and an excuse from work with orders to get plenty of rest until her referral appoint with the orthopedic physician at Tallahassee Orthopedic Clinic (TOC) on May 2, 2019.

19.     On her way out from the doctor's office, Plaintiff asked if she needed to take the documents to Defendant and she was told that the office always faxes and e-mails RN Weed the information and that Plaintiff did not need to present the paperwork to Defendant.

20.     That same day, Plaintiff got a text from RN Weed saying that Defendant expected her to be back to work. Plaintiff immediately notified Weed that her physician had excused her from work until May 2, 2019.

21.     Weed did not believe Plaintiff and texted back that she had not received the paperwork but that she would call the doctor's office.

22.     On May 2, 2019, Plaintiff had her appointment with TOC. In the middle of her appointment and without Plaintiff's consent, Field Case Manager (FCM) Michelle Weldon with Coventry (Defendant's workers compensation insurance carrier) burst into Plaintiff's examination room.

23.     FCM Weldon said Defendant had instructed her to accompany Plaintiff to the appointment and make sure Plaintiff attended.

24.     Plaintiff's physician at TOC, Dr. Kimberly Hagen, prescribed more injections, muscle relaxers, and more time off work with a return to work date of May 6, 2019.

4

25.     Plaintiff returned to work on May 6, 2019.  Upon her return, she was not able to access the building as Defendant had deactivated her door code. Receptionist Laura Ferrer heard the door clicking and let Plaintiff in.

26.     Plaintiff noticed that someone else was already working in her room and went to HR and spoke with Deborah Flowers, asking why and where Defendant had moved her and why her code no longer worked.

27.     HR Representative Flowers told Plaintiff that she needed to speak with Senior HR Generalist Ruth Stevens. Flowers then let Stevens know Plaintiff had arrived.

28.     Stevens came storming out of her office and was immediately combative with Plaintiff. Stevens demanded to know who let Plaintiff back in the building, treating her like a criminal rather than an employee. Before Plaintiff could answer, Flowers told Stevens that it was Laura Ferrer who let Plaintiff in. Stevens then went and yelled at Ferrer.

29.     Stevens had Plaintiff wait in the lobby for about ten (10) minutes, then called Plaintiff into her office for questioning. Stevens continued her rude, disrespectful, and unprofessional demeanor throughout the entirety of the interrogation.

30.     Stevens started the interview by asking Plaintiff to explain what happened. Plaintiff was caught off guard as she did not know what Stevens was referring to and asked Stevens to explain.

31.     Stevens claimed that Plaintiff was supposed to return to work on April 30, 2019. This was incorrect as Defendant knew that Plaintiff had a valid excuse from work from her doctor until May 2, 2019 which was extended until May 6, 2019.

5

32.     Plaintiff was specifically instructed by her doctor not to return to work. Therefore, doing so could have been considered not following doctor's orders and affected her workers compensation benefits.

33.     Plaintiff explained all of this and the fact that this information had already been given to RN Weed. Plaintiff tends to use her hands as she speaks, as many people do. Stevens claimed that because Plaintiff used her hands while speaking, she was being aggressive and attacking Stevens. Plaintiff assured Stevens that she was not meaning to come across as rude and explained that is just how she expresses herself. Stevens continued her ridiculous claims that Plaintiff was attacking her which made Plaintiff feel uncomfortable and like she was being set up for termination.

34.     Plaintiff asked what was going on and that is when Stevens revealed that Defendant had apparently suspended Plaintiff for not returning to work on April 30, 2020, despite having a valid excuse from work by her doctor.

35.     At that point, Plaintiff requested to leave until she could have her union representative present. Before she could leave, Stevens demanded Plaintiff's badge.

36.     On May 8, 2019, Stevens called Plaintiff and tried to claim that Plaintiff had not requested a union representative meeting and that Stevens had not told Plaintiff she was suspended. If this were true, Defendant would not have taken Plaintiff's badge.

37.     Plaintiff was in the process of speaking with her union representatives. including Eric Jones and Danny Faircloth. She was also in the process of setting up a meeting between her, the representatives, and Defendant.

38.     On May 9, 2019, Stevens called Plaintiff and apologized for not having the meeting set yet.

6

39.     On May 13, 2019, Plaintiff received a termination letter from Defendant in the mail stating that her position was terminated effective immediately. Thus, on May 13, 2019, Defendant terminated Plaintiff because of her actual or perceived disability or record of impairment and retaliated against her for obtaining compensation and benefits for a valid on the job injury.

40.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## DISABILITY DISCRIMINATION

41.     Paragraphs 1 through 40 are realleged and incorporated herein by reference.

42.     This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

43.     Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

44.     Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

45.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

7

46.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination.

47.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

48.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.   Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## COUNT II
## RETALIATION – SECTION 440.205

49.     Paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

50.     This is an action against Defendant for retaliation under §440.205, Florida Statutes. At all times pertinent hereto, Defendant has been subject to Chapter 440, Florida Statutes.

51.     Plaintiff was employed with Defendant when she was injured on the job.  Plaintiff sought compensation and/or benefits including without limitation medical care under Chapter 440, Florida Statutes and was retaliated against for making or attempting to make such a claim.

52.     Defendant retaliated against Plaintiff because she was injured on the job and had a valid claim for compensation and benefits under Chapter 440.

53.     Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely

affecting an employee who attempts to or does claim entitlement to workers' compensation benefits under the laws of the State of Florida.

54.     As a direct and proximate cause of the actions set forth in part above, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law.  Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue today.  Plaintiff is also entitled to injunctive/equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 6th day of December 2020.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

10

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR TAYLOR COUNTY, FLORIDA

**TONYA GRIFFIN,**

      **Plaintiff,**

**v.**

**GEORGIA PACIFIC, LLC.,**

      **Defendant.**

_____/

**CASE NO.: 20-CA- 534**
**FLA BAR NO.: 0739685**

FILED IN OFFICE

DEC 1 4 2020

**SUMMONS** GARY KNOWLES CLERK OF COURT

BY_____DC

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **GEORGIA PACIFIC, LLC**
      **C/O CT CORPORATION SYSTEM – REGISTERED AGENT**
      **1200 S PINE ISLAND RD**
      **PLANTATION, FL 33324**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _12/14_____, 2020.

                        CLERK OF THE CIRCUIT COURT

                        By: _Salina Gibbs_

Filing # 117715813 E-Filed 12/06/2020 07:43:09 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>THIRD</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>TAYLOR</u>   COUNTY, FLORIDA

Plaintiff

Case # _20-534 CA_

Judge _Parker_

vs.

Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001-$75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox      Fla. Bar # 739685
     Attorney or party           (Bar # if attorney)

Marie A Mattox          12/06/2020
 (type or print name)        Date

- 3 -

# VERIFIED RETURN OF SERVICE

Job # 2020009195

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| TONYA GRIFFIN | |
| -versus- | |
| **DEFENDANT:** | County of Taylor, Florida |
| GEORGIA PACIFIC, LLC | Court Case # **20-CA** |

**Service Info:**

**Date Received by Accurate Serve of Tallahassee: 12/29/2020** at **11:43 AM**
**Service:** I Served **GEORGIA PACIFIC, LLC C/O CT CORPORATION SYSTEM- REGISTERED AGENT**
With: **SUMMONS; COMPLAINT**
by leaving with **Donna Moch, EMPLOYEE OF REGISTERED AGENT COMPANY**

At Business **1200 S PINE ISLAND ROAD PLANTATION, FL 33324**
On **12/30/2020** at **01:00 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **Joshua Wright** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**Joshua Wright**
Lic # **1548**

**Accurate Serve of Tallahassee**
400 Capital Circle Southeast
Tallahassee, FL 32301

Client # T204696
Job # 2020009195




1 of 1

IN THE CIRCUIT COURT OF
THE THIRD JUDICIAL
CIRCUIT, IN AND FOR TAYLOR
COUNTY, FLORIDA

**TONYA GRIFFIN,**

     **Plaintiff,**

v.

**GEORGIA PACIFIC, LLC.,**

     **Defendant.**

_____/

**CASE NO.: 2020-CA-534**
**FLA BAR NO.: 0539211**

## MOTION FOR DEFAULT AGAINST DEFENDANT
## AND CLERK'S DEFAULT AGAINST GEORGIA-PACIFIC

Plaintiff, Tonya Griffin, moves for entry of a default by the clerk against Defendant Georgia Pacific LLC for failure to serve any paper on the undersigned or file any paper as required by law.

Dated this 4th day of February 2010.

Respectfully submitted,

/s/   Jim Garrity
Jim Garrity (FBN: 0539211)
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

**IN THE CIRCUIT COURT OF
THE THIRD JUDICIAL
CIRCUIT, IN AND FOR TAYLOR
COUNTY, FLORIDA**

**TONYA GRIFFIN,**

     **Plaintiff,**

**v.**

**GEORGIA PACIFIC, LLC.,**

     **Defendant.**

_____/

**CASE NO.: 2020-CA-534
FLA BAR NO.: 0539211**

## DEFAULT AGAINST GEORGIA PACIFIC LLC

A default is entered in this action against Defendant Georgia Pacific LLC,

named in the foregoing motion for failure to serve or file any paper as required by

law.

Dated this _____ day of February 2021.


By: _____
          Deputy Clerk

IN THE CIRCUIT COURT OF
THE THIRD JUDICIAL
CIRCUIT, IN AND FOR TAYLOR
COUNTY, FLORIDA

TONYA GRIFFIN,

      Plaintiff,

**CASE NO.: 2020-CA-534**
**FLA BAR NO.: 0539211**

v.

GEORGIA PACIFIC, LLC.,

      Defendant.

_____/

## DEFAULT AGAINST GEORGIA PACIFIC LLC

A default is entered in this action against Defendant Georgia Pacific LLC,

named in the foregoing motion for failure to serve or file any paper as required by

law.

Dated this ____5____ day of February 2021.



By: _____
               Deputy Clerk

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR TAYLOR COUNTY, FLORIDA

**TONYA GRIFFIN,**                              **CASE NO.: 2020-CA-534**
                                                **FLA BAR NO.: 0539211**
    **Plaintiff,**

**v.**

**GEORGIA PACIFIC, LLC.,**

    **Defendant.**
_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

    The undersigned, Jim Garrity, now appears as counsel of record for Plaintiff.

Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby

designates his primary and secondary e-mail addresses and requests that order,

process, pleadings, and other documents filed and served in this matter be served on

him at the following Primary and Secondary e-mail addresses listed below. Where

service of hard copies is to be made in addition to the e-mail service, counsel requests

that the copies be served on him at the physical address listed below.

    Primary E-Mail Address: jim@mattoxlaw.com; jimgarritycell@gmail.com
    Secondary E-Mail Address:  Elizabeth@mattoxlaw.com (for scheduling
matters)

Respectfully submitted

 /s/    Jim Garrity_____
Jim Garrity (FBN: 539211)
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL     32303
Telephone:  (850) 383-4800
Jim@mattoxlaw.com
Jimgarritycell@gmail.com
Wanda@mattoxlaw.com

## CERTIFICATE OF SERVICE

I hereby certificate that a copy of the foregoing was served via the Florida Courts E-Filing Portal this 8th day of December 2020.

 /s/    Jim Garrity_____
Jim Garrity

**IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT IN AND
FOR TAYLOR COUNTY, FLORIDA**

**CASE NO. 20-CA-534**

TONYA GRIFFIN,

     Plaintiff,

v.

GEORGIA PACIFIC, LLC,

     Defendant.

_____/

## NOTICE OF APPEARANCE

COMES NOW Vanessa Patel of the law firm Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and enters her appearance as counsel for and on behalf of Defendant, GEORGIA PACIFIC, LLC, in the above-captioned matter and requests that copies of all pleadings, motions and other documents filed or served in the captioned matter be served on the undersigned.

DATED: February 10, 2021          Respectfully submitted,

                                   */s/ Vanessa Patel*_____
                                   Vanessa Patel
                                   Florida Bar No. 103928
                                   vanessa.patel@ogletree.com
                                   Secondary E-mail: elba.chinea@ogletree.com
                                   OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.
                                     100 North Tampa Street, Suite 3600
                                   Tampa, Florida 33602
                                   Telephone: 813-289-1247
                                   Facsimile: 813-289-6530
                                   *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 10, 2021, the foregoing was filed with the Clerk of Court via the Florida Courts E-Filing Portal which will send electronic notification to all counsel of record.


<u>/s/ Vanessa Patel</u>
Attorney


43858333.1

Case 4:21-cv-00333-MW-MAF   Document 1-2   Filed 06/04/21   Page 26 of 84

**IN THE CIRCUIT COURT OF THE**
**THIRD JUDICIAL CIRCUIT, IN AND**
**FOR TAYLOR COUNTY, FLORIDA**

**TONYA GRIFFIN,**                                        **CASE NO.: 2020-CA-534**

      **Plaintiff,**

**v.**

**GEORGIA PACIFIC, LLC.,**

      **Defendant.**

_____/

### PLAINTIFFS' NOTICE OF WITHDRAWING MOTION FOR DEFAULT

    Plaintiff, TONYA GRIFFIN, hereby withdraws the Motion for Default filed on February 4, 2021.

                              Respectfully submitted,

                              /s/ Jim Garrity
                              Jim Garrity (FBN: 0539211)
                              MARIE A. MATTOX, P.A.
                              203 North Gadsden Street
                              Tallahassee, FL 32301
                              (850) 383-4800 (telephone)
                              (850) 383-4801 (facsimile)

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record via electronic filing to all counsel of record this 10th day of February, 2021.

                              /s/ Jim Garrity
                              Jim Garrity

**IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT IN AND
FOR TAYLOR COUNTY, FLORIDA**

**CASE NO. 20-CA-534**

TONYA GRIFFIN,

      Plaintiff,

v.

GEORGIA PACIFIC, LLC,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant Foley Cellulose LLC (incorrectly identified as "Georgia Pacific, LLC" in Plaintiff's Complaint) ("Defendant"), by and through its undersigned counsel, files its Answer and Defenses to Plaintiff Tonya Griffin's ("Plaintiff") Complaint, and states:

## NATURE OF ACTION

1.     Responding to Paragraph 1 of the Complaint, Defendant only admits that Plaintiff purports to bring causes of action under Chapter 760, Florida Statutes, and Chapter 440, Florida Statutes. Defendant denies there is any basis in law or fact for any of the causes of action Plaintiff has asserted, and denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.     Responding to Paragraph 2 of the Complaint, Defendant admits Plaintiff seeks various forms of relief as specified in the Complaint, but denies she is entitled to any relief whatsoever. Defendant denies all remaining allegations contained in Paragraph 2 of the Complaint.

## THE PARTIES

3.     Responding to Paragraph 3 of the Complaint, Defendant is without knowledge as to Plaintiff's current residency. Defendant admits it employed Tonya Griffin. Defendant denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.     Responding to Paragraph 4 of the Complaint, Defendant admits it is a Delaware limited liability company licensed to conduct business in the State of Florida. Defendant admits it employed Tonya Griffin. Defendant denies all remaining allegations contained in Paragraph 4 of the Complaint.

## CONDITIONS PRECEDENT

5.     Responding to Paragraph 5 of the Complaint, Defendant is without sufficient knowledge to admit or deny Plaintiff's legal conclusions or alleged "conditions precedent to bringing this action" and, on that basis, denies them and all remaining allegations contained in Paragraph 5 of the Complaint.

## STATEMENT OF THE ULTIMATE FACTS

6.      Responding to Paragraph 6 of the Complaint, Defendant admits it employed Tonya Griffin at its Foley Mill ("the Mill") from approximately June 1, 2018 to May 10, 2019, and that she held the position of Operator at the time her employment with Defendant ended. Defendant denies all remaining or contrary allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Responding to Paragraph 8 of the Complaint, Defendant admits that Plaintiff reported an injury and filed a workers' compensation claim related to the same. Defendant denies all remaining or contrary allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Responding to Paragraph 10 of the Complaint, Defendant admits that Plaintiff reported an injury on the job. Defendant denies all remaining or contrary allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint, as stated.

3

12.     Responding to Paragraph 12 of the Complaint, Defendant admits that Plaintiff reported an injury and filed a workers' compensation claim related to the same. Defendant denies all remaining or contrary allegations contained in Paragraph 12 of the Complaint.

13.     Responding to Paragraph 13 of the Complaint, Defendant is without sufficient knowledge to admit or deny statements related to the exact medical treatment Plaintiff received. Defendant denies the allegations contained in Paragraph 13 of the Complaint, as stated.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Responding to Paragraph 16 of the Complaint, Defendant states that Plaintiff was scheduled to work on April 29, 2019 and that Plaintiff texted Christina Weed the morning of April 29, 2019 indicating Plaintiff had a medical appointment at 9:00 and would not be at work prior to that. Defendant denies all remaining or contrary allegations contained in Paragraph 16 of the Complaint.

17.     Responding to Paragraph 17 of the Complaint, Defendant states that Christina Weed advised Plaintiff to call Plaintiff's supervisor regarding Plaintiff's

absence that morning. Defendant denies all remaining or contrary allegations contained in Paragraph 17 of the Complaint.

18.    Responding to Paragraph 18 of the Complaint, Defendant is without sufficient knowledge to admit or deny statements related to the exact medical treatment Plaintiff received and, on that basis, denies them and all remaining allegations contained in Paragraph 18 of the Complaint. Plaintiff's medical record speaks for itself.

19.    Responding to Paragraph 19 of the Complaint, Defendant is without sufficient knowledge to admit or deny statements related to Plaintiff's communications with a third party and, on that basis, denies them and all remaining allegations contained in Paragraph 19 of the Complaint.

20.    Responding to Paragraph 20 of the Complaint, Defendant states that Christina Weed followed up with Plaintiff on April 29, 2019 to determine Plaintiff's return-to-work status. Defendant denies all remaining or contrary allegations contained in Paragraph 20 of the Complaint.

21.    Responding to Paragraph 21 of the Complaint, Defendant states Christina Weed followed up with Plaintiff's medical provider to determine Plaintiff's return-to-work status. Defendant denies all remaining or contrary allegations contained in Paragraph 21 of the Complaint.

22.     Responding to Paragraph 22 of the Complaint, Defendant is without sufficient knowledge to admit or deny statements related to Plaintiff's communications with a third party and denies them and all remaining allegations contained in Paragraph 22 of the Complaint. Plaintiff's medical record speaks for itself.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint, as stated.

24.     Responding to Paragraph 24 of the Complaint, Defendant is without sufficient knowledge to admit or deny statements related to the exact medical treatment Plaintiff received and, on that basis, denies them and all remaining allegations contained in Paragraph 24 of the Complaint. Plaintiff's medical record speaks for itself.

25.     Responding to Paragraph 25 of the Complaint, Defendant states that, due to Plaintiff's failure to appear for work on multiple days and failure to notify Defendant of the absence, Defendant turned off Plaintiff's fob access to the Mill. Defendant further states that Plaintiff appeared at the Mill on May 6, 2019 and that Plaintiff went to the HR office. Defendant denies all remaining or contrary allegations contained in Paragraph 25 of the Complaint.

26.     Responding to Paragraph 26 of the Complaint, Defendant is without sufficient knowledge to admit or deny statements related to Plaintiff's perceptions

and mental thoughts and, on that basis, denies them and all remaining allegations contained in Paragraph 26 of the Complaint.

27.     Responding to Paragraph 27 of the Complaint, Defendant states that Plaintiff spoke with Ruth Stevens on May 6, 2019. Defendant denies all remaining or contrary allegations contained in Paragraph 27 of the Complaint.

28.     Responding to Paragraph 28 of the Complaint, Defendant states that Plaintiff spoke with Ruth Stevens on May 6, 2019. Defendant denies all remaining or contrary allegations contained in Paragraph 28 of the Complaint.

29.     Responding to Paragraph 29 of the Complaint, Defendant states that Plaintiff spoke with Ruth Stevens on May 6, 2019. Defendant denies all remaining or contrary allegations contained in Paragraph 29 of the Complaint.

30.     Responding to Paragraph 30 of the Complaint, Defendant states that Plaintiff spoke with Ruth Stevens on May 6, 2019. Defendant denies all remaining or contrary allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Responding to Paragraph 32 of the Complaint, Defendant states that Plaintiff's medical record speaks for itself. Defendant denies all remaining or contrary allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Responding to Paragraph 37 of the Complaint, Defendant is without sufficient knowledge to admit or deny statements related to Plaintiff's actions and, on that basis, denies them and all remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Responding to Paragraph 39 of the Complaint, Defendant states it mailed a separation letter to Plaintiff on May 10, 2019 after attempts to reach Plaintiff by telephone were unsuccessful. Defendant denies all remaining or contrary allegations contained in Paragraph 39 of the Complaint.

40.     Responding to Paragraph 40 of the Complaint, upon information and belief, Defendant admits Plaintiff has retained counsel but denies any necessity for

the same and denies all remaining allegations contained in Paragraph 40 of the Complaint.

## COUNT I
## DISABILITY DISCRIMINATION

41.    Defendant restates its responses to Paragraphs 1 through 40 as if fully restated herein.

42.    Responding to Paragraph 42 of the Complaint, Defendant admits Plaintiff seeks to bring this action pursuant to the cited statute. Defendant denies there is any basis in law or fact for any of the causes of action that Plaintiff has asserted, and denies all remaining allegations contained in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.    Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.    Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.    Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

## COUNT II
## RETALIATION – SECTION 440.205

49.     Defendant restates its responses to Paragraphs 1 through 40 as if fully restated herein.

50.     Responding to Paragraph 50 of the Complaint, Defendant admits Plaintiff seeks to bring this action pursuant to the cited statute. Defendant denies there is any basis in law or fact for any of the causes of action that Plaintiff has asserted, and denies all remaining allegations contained in Paragraph 50 of the Complaint.

51.     Responding to Paragraph 51 of the Complaint, Defendant admits Plaintiff reported an injury and sought compensation and/or benefits for the same. Defendant denies all remaining allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to judgment in her favor, that Defendant committed any unlawful act, and that Plaintiff is entitled to any form of legal or equitable relief requested in this "Prayer for Relief" paragraph including its subparts (a) through (g).

## DEMAND FOR TRIAL BY JURY

Plaintiff is not entitled to a jury trial because Defendant is entitled to judgment as a matter of law.

## GENERAL DENIAL

Defendant denies each and every allegation of fact and conclusion of law contained in the Complaint that has not been expressly admitted in the foregoing numbered paragraphs.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint. Insofar as any of the following expresses denial of an element of the claims, or any of them, alleged against Defendant, such expression is in no way intended as a concession that Plaintiff is relieved of her burden to prove each and every element of any such claim. Defendant does not assume the burden on any defense asserted that is adjudged not to be an affirmative defense, whether listed here or not.

11

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted because Defendant did not commit any unlawful practice and Plaintiff is not entitled to any relief.

### SECOND DEFENSE

After-acquired evidence of Plaintiff's misconduct, if discovered, may bar some or all of Plaintiff's claims, allegations, or alleged damages.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff, if any, were based upon valid, legitimate, non-retaliatory, non-discriminatory and reasonable business reasons that were in no way related to Plaintiff's disability or any alleged protected activity, and were not the result of any intention or purpose, past or present, to discriminate or retaliate. Defendant's actions, if any, were based upon good cause, were the result of reasonable factors necessary for business functions, and would have been taken regardless of any discrimination or retaliation, which is expressly denied.

## FIFTH DEFENSE

Plaintiff's Complaint should be dismissed and/or judgment accorded to Defendant, in whole or in part, because, at all relevant times, Defendant published, disseminated, and enforced an internal policy against discrimination and/or retaliation, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

## SIXTH DEFENSE

Defendant did not have actual or constructive knowledge of any of the alleged discriminatory or retaliatory acts alleged in the Complaint.

## SEVENTH DEFENSE

Any alleged wrongdoing by Defendant, if it occurred, was isolated and *de minimus*.

## EIGHTH DEFENSE

Any alleged retaliation and/or other misconduct by any one of Defendant's employees was: (i) done without authority, knowledge, approval or ratification of or by Defendant; (ii) in conflict with and in violation of Defendant's policies; (iii) done solely for the relevant employee's personal purposes, which are not related to employment with Defendant; and (iv) outside the course and scope of the relevant employee's employment with Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrines of estoppel, waiver, unclean hands and/or laches, including, but not limited to, that Plaintiff's own actions were in contravention of Defendant's policies and/or procedures and her own actions led to any employment actions she is now claiming to be discriminatory or retaliatory.

### TENTH DEFENSE

All claims in the Complaint that were required to be, but were not the subject of, a timely filed charge(s) of discrimination with the Equal Employment Opportunity Commission or the Florida Commission on Human Relations are barred, as Plaintiff has failed to administratively exhaust those claims.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the charge(s) of discrimination Plaintiff filed with the Equal Employment Opportunity Commission or the Florida Commission on Human Relations, as Plaintiff has failed to administratively exhaust those claims.

### TWELFTH DEFENSE

Plaintiff's Complaint should be dismissed to the extent she has failed to show any proximity between the alleged protected activity and any alleged adverse employment action.

14

### THIRTEENTH DEFENSE

Plaintiff had and has a duty to mitigate any alleged losses (her entitlement to which is denied); alternatively, any claim for relief must also be set off and/or reduced by wages, compensation, pay, commissions, benefits, and all other earnings or remunerations, profits and benefits, regardless of form, received by Plaintiff or which was earnable or receivable with reasonable diligence.

### FOURTEENTH DEFENSE

To the extent Plaintiff seeks to recover damages for physical injury or emotional distress, such claims are barred by the exclusive remedy provisions of Florida's workers' compensation statute.

### FIFTEENTH DEFENSE

Without conceding Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands must be set off against or reduced by any wages, compensation or other benefit received by Plaintiff or which was earnable or receivable with the exercise of due diligence by Plaintiff.

### SIXTEENTH DEFENSE

Defendant is not liable for punitive damages because neither Defendant nor any of its employees sufficiently high in its corporate hierarchy committed any act with malice or reckless indifference to Plaintiff's protected rights, or approved, authorized, ratified, or had actual knowledge of any such acts.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred because Defendant engaged in a good faith effort to comply with civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was not done with malice or with reckless indifference to Plaintiff's rights, and was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of any law.

## EIGHTEENTH DEFENSE

Any award of punitive damages to Plaintiff would violate the constitutional safeguards provided to Defendant under the Constitution of the United States and the Constitution of the State of Florida.

## RESERVATION OF RIGHTS

Defendant hereby give notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing defenses.

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses thereto, Defendant prays that Plaintiff's Complaint be dismissed in its entirety, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant recover its costs and reasonable attorneys' fees incurred in this

16

matter, together with such other and further relief as the Court may deem just and proper.

Dated:  February 22, 2021.

Respectfully submitted,

*/s/ Vanessa Patel*
Vanessa Patel
Florida Bar No. 103928
vanessa.patel@ogletree.com
Karen E. Smeda
Florida Bar No. 1011113
karen.smeda@ogletree.com
Secondary E-mail:
      elba.chinea@ogletree.com
      angela2.jackson@ogletree.com
      TAMDocketing@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Tel.  813-289-1247/Fax: 813-289-6530
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 22, 2021, the foregoing was filed with the Clerk of Court via the Florida Courts E-Filing Portal, which will send electronic notification to all counsel of record.

*/s/ Vanessa Patel*
Attorney

46061945.1

18

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT IN AND
FOR TAYLOR COUNTY, FLORIDA

CASE NO. 20-CA-534

TONYA GRIFFIN,

     Plaintiff,

v.

GEORGIA PACIFIC, LLC,

     Defendant.

_____/

## NOTICE OF APPEARANCE

COMES NOW Karen E. Smeda of the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and enters her Notice of Appearance for and on behalf of Defendant GEORGIA PACIFIC, LLC, in the above-captioned matter and requests that copies of all pleadings, motions and other documents filed in the captioned matter be served on the undersigned.

February 22, 2021             Respectfully submitted,

                                      */s/Karen E. Smeda*
                                      Karen E. Smeda
                                      Florida Bar No. 1011113
                                      karen.smeda@ogletree.com
                                      Secondary E-mail:
                                        angela2.jackson@ogletree.com
                                      tamdocketing@ogletree.com
                                      OGLETREE, DEAKINS, NASH,

SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Tel.  813-289-1247/Fax: 813-289-6530
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 22, 2021, the foregoing was filed with

the Clerk of Court via the Florida Courts E-Filing Portal, which will send electronic

notification to all counsel of record.

*/s/ Karen E. Smeda*
Attorney

46118848.1

**IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT IN AND
FOR TAYLOR COUNTY, FLORIDA**

**CASE NO. 20-CA-534**

TONYA GRIFFIN,

      Plaintiff,

v.

GEORGIA PACIFIC, LLC,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING
## FIRST SET OF INTERROGATORIES AND
## FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

COMES NOW Foley Cellulose LLC (incorrectly identified as "Georgia Pacific, LLC" in Plaintiff's Complaint) ("Defendant"), by and through its undersigned counsel, and hereby gives notice of serving the Defendant's First Set of Interrogatories and Defendant's First Request for Production of Documents to Plaintiff, sent this 24th day of February, 2021, via electronic mail and U.S. Mail to counsel for Plaintiff in accordance with applicable Florida Rules of Civil Procedure.

  DATED: February 24, 2021.      Respectfully submitted,

                                  */s/ Vanessa A. Patel*
                                  Vanessa Patel
                                  Florida Bar No. 103928
                                  vanessa.patel@ogletree.com

Karen E. Smeda
Florida Bar No. 1011113
karen.smeda@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Secondary E-mail:
elba.chinea@ogletree.com
angela2.jackson@ogletree.com
tamdocketing@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Tel.  813-289-1247/Fax: 813-289-6530
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2021, the foregoing was filed with

the Clerk of Court via the Florida Courts E-Filing Portal, which will send electronic

notification to all counsel of record.


*/s/ Vanessa A. Patel*
Attorney

46138396.1

Case 4:21-cv-00233-MW-MAF   Document 1-2   Filed 06/04/21   Page 49 of 84

**IN THE CIRCUIT COURT OF THE**
**THIRD JUDICIAL CIRCUIT IN AND FOR**
**TAYLOR COUNTY, FLORIDA**

**TONYA GRIFFIN,**

      **Plaintiff,**

**v.**                                                     **CASE NO. 20-CA-534**

**GEORGIA PACIFIC, LLC,**

      **Defendant.**

**_____/**

**PLAINTIFF'S NOTICE OF SERVICE OF**
**ANSWERS TO FIRST INTERROGATORIES**

     Notice is hereby given that Plaintiff, TONYA GRIFFIN, has served her Answers to

Defendant's First Set of Interrogatories upon counsel for Defendant listed below, May 5, 2021.

                      Respectfully submitted,

                        /s/   James Garrity
                      James Garrity
                      Florida Bar No. 539211
                      203 North Gadsden Street
                      Tallahassee, FL   32301
                      Telephone:    (850) 383-4800
                      Facsimile:     (850) 383-4801
                      Jim@mattoxlaw.com
                      Elizabeth@mattoxlaw.com

**IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT IN AND
FOR TAYLOR COUNTY, FLORIDA**

**CASE NO. 20-CA-534**

TONYA GRIFFIN,

      Plaintiff,

v.

GEORGIA PACIFIC, LLC,

      Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, Foley Cellulose LLC (incorrectly identified as "Georgia Pacific, LLC" in Plaintiff's Complaint) ("Defendant"), by and through its undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests that Plaintiff Tonya Griffin ("Plaintiff") produce for inspection and copying, within thirty day (30) days after service of this production request, the documents described below at the office of Defendant's counsel, Vanessa A. Patel, at Ogletree Deakins, Nash, Smoak & Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, Florida 33602. All Requests for Production are continuing, requesting production of any responsive documents as they come into your possession, custody, or control.

## DEFINITIONS

a.    The terms "you," "yours" and/or "yourself" mean Plaintiff Tonya Griffin, and any other persons acting, or purporting to act, on behalf of Plaintiff.

b.    The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

c.    The term "correspondence" includes all letters, telegrams, notices, messages, phone logs, electronic mail, or other written communications or conferences or other oral communications.

d.    The term "date" shall mean the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

e.    The word "document" shall mean any writing, drawing, graph, chart, sound or other recording, image, computer-stored information, or photograph in your actual or constructive possession, custody, care, or control, whether consisting of electronically stored information, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in her action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, pamphlets, periodical, reports, charts, drawings, graphs, surveys,

2

ledgers, invoices, computer printouts, computer discs, data sheet, microfilms, video tapes, or tape recordings. The term "documents" includes each document or group of that are known to you or that can be located or discovered by reasonable diligent efforts.

      f.    The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

      g.    The term "person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

      h.    The terms "pertains to" or "pertaining to" mean and include relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts. These terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

      i.    The terms "relates to" or "relating to" mean and include constituting, referring to, pertaining to, evidencing, reflecting, describing, or has anything to do with, and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either: (1) provides information with

respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

j.      The term "action" shall mean the above captioned case *Tonya Griffin v. Georgia Pacific, LLC*, originally filed in the Circuit Court for the Third Judicial Circuit, in and for Taylor County, Florida, Case No. 20-CA-534.

k.      The term "Complaint" shall mean the Complaint, Amended Complaint and any further amendments thereto, filed by Plaintiff in her action. If not capitalized, the term "complaint" means any formal or informal expression of dissatisfaction, discontent, objection, or grievance.

l.      The term "communication" means the transmittal of information by any means.

## INSTRUCTIONS

If you object to fully identifying or producing a document or evidence of oral communication because of a privilege, please provide the following information unless divulging the information would disclose the privileged information:

(1)   the nature of the privilege claimed (including work product);

(2)   if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3)   the date of the document or oral communication;

(4)   if a document; its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(5)   if an oral communication; the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)   the general subject matter of the document or the oral communication.

These interrogatories and the document requests served herewith are continuing in nature so as to require you to file prompt supplementary and amended answers and/or responses, if you have obtained further or different information relative to any of the interrogatories and/or document requests prior to trial herein. This request shall be deemed continuing so as to require prompt, further and supplemental production (without further request by defendant or its attorneys) if you locate or obtain possession, custody or control of additional responsive documents at any time prior to trial herein. Failure to promptly supplement your answers and responses to the following interrogatories and document requests may

5

result in Defendant moving the court to strike any such information or documents from being introduced as evidence at any motion, hearing, or trial in this action.

## <u>REQUESTS FOR PRODUCTION</u>

1.      Any and all documents identified, referred or relied upon, or which Plaintiff believes support, tend to support, or tend to refute her responses to Defendant's First Set of Interrogatories.

2.      Any and all documents that support, refute, tend to support, or tend to refute Plaintiff's allegations against Defendant, its agents, employees, or managers.

3.      Any and all documents that relate to or support the allegations contained in Count I of the Complaint alleging disability discrimination.

4.      Any and all documents that relate to or support the allegations contained in Count II of the Complaint alleging retaliation.

5.      Any and all documents relevant to your claims and allegations in this case that you received or obtained from any person who you contend may have knowledge of any relevant fact(s) in this case, including, but not limited to, any statements, notes, or affidavits.

6.      Any and all documents that reflect, support, refute, tend to support, or tend to refute each and every loss, expense, or damage, which you claim was suffered or incurred by you, or on your behalf, as a result of the allegations contained in your Complaint.

7.      Any and all documents relating to Plaintiff's employment with Defendant, including all documents that Plaintiff received from Defendant, including any and all wage statements, pay stubs, and tax documents (Form 1099s, W-2s, etc.).

8.      If Plaintiff filed a claim for unemployment benefits in connection with her separation from employment with Defendant, a copy of every document sent to and received from the Florida Agency for Workforce Innovation. If you filed such a claim for unemployment benefits, please also execute the attached Release for records from the Agency for Workforce Innovation.

9.      If you have ever received or applied for Medicare, Medicaid, Social Security, or Social Security Disability benefits, please complete the attached Social Security Administration Consent for Release of Information.

10.      Any and all documents that relate to Plaintiff's medical, psychological, and/or counseling records and reports from January 1, 2016, to the present. In addition, please execute the attached release form, by including your social security number and date of birth and completing the top portion of the form, releasing such medical information to the undersigned law firm for the limited purpose of use in her lawsuit, for each health care professional seen from January 1, 2016, to the present.

11.    Any and all income tax returns prepared by or for Plaintiff, whether filed jointly or separately, from January 1, 2018, to the present, including any W-2 forms relating to such tax returns and any schedules and other supporting records.

12.    Any and all documents relating to any fee agreement you entered into with any counsel pertaining to this action, or where retention was sought in any way relating to your employment with, or termination from Defendant.

13.    Any and all documents that relate to such applications or efforts by Plaintiff to secure employment from June 1, 2018 to date, including but not limited to any applications for employment filled out or submitted by Plaintiff and any documents regarding the outcomes of any applications.

14.    Any and all documents relating to any prior lawsuit, prosecution, or other legal or administrative charge, claim, or proceeding in which Plaintiff was a claimant, respondent, plaintiff, defendant, petitioner, respondent, party, or witness, including without limitation, copies of any sworn or unsworn statements or testimony by Plaintiff.

15.    To the extent not already requested above, all documents that concern, regard, chronicle, reference, support, relate to in any way, or otherwise evidence, either directly or indirectly, the damages claimed in Plaintiff's Complaint.

DATED:  February 24, 2021.

Respectfully submitted,

/s/ *Vanessa A. Patel*

Vanessa Patel
Florida Bar No. 103928
vanessa.patel@ogletree.com
Karen E. Smeda
Florida Bar No. 1011113
Karen.smeda@ogletree.com
Secondary E-mail: elba.chinea@ogletree.com
                  angela2.jackson@ogletree.com
                  TAMDocketing@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Tel.  813-289-1247/Fax: 813-289-6530
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 24, 2021, a true and correct copy of

the foregoing has been furnished via electronic and U.S. Mail, postage prepaid upon

the following:

>  Marie A. Mattox, Esq.
>  Jim Garrity, Esq.
>  203 North Gadsden Street
>  Tallahassee, FL 32301
>  T: (850) 383-4800
>  marie@mattoxlaw.com
>  jim@jimgarritylaw.com
>  *Counsel for Plaintiff*


>  */s/ Vanessa A. Patel*
>  _____
>  Attorney

46117634.1

10

**IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT IN AND
FOR TAYLOR COUNTY, FLORIDA**

**CASE NO. 20-CA-534**

TONYA GRIFFIN,

      Plaintiff,

v.

GEORGIA PACIFIC, LLC,

      Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, Foley Cellulose LLC (incorrectly identified as "Georgia Pacific, LLC" in Plaintiff's Complaint) ("Defendant"), by and through its undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests that Plaintiff Tonya Griffin ("Plaintiff") produce for inspection and copying, within thirty day (30) days after service of this production request, the documents described below at the office of Defendant's counsel, Vanessa A. Patel, at Ogletree Deakins, Nash, Smoak & Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, Florida 33602. All Requests for Production are continuing, requesting production of any responsive documents as they come into your possession, custody, or control.

## **DEFINITIONS**

a.      The terms "you," "yours" and/or "yourself" mean Plaintiff Tonya Griffin, and any other persons acting, or purporting to act, on behalf of Plaintiff.

b.      The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

c.      The term "correspondence" includes all letters, telegrams, notices, messages, phone logs, electronic mail, or other written communications or conferences or other oral communications.

d.      The term "date" shall mean the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

e.      The word "document" shall mean any writing, drawing, graph, chart, sound or other recording, image, computer-stored information, or photograph in your actual or constructive possession, custody, care, or control, whether consisting of electronically stored information, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in her action, or which are themselves listed below as specific documents, including, but not limited to:  correspondence, memoranda, notes, messages, diaries, minutes, books, pamphlets, periodical, reports, charts, drawings, graphs, surveys,

ledgers, invoices, computer printouts, computer discs, data sheet, microfilms, video tapes, or tape recordings. The term "documents" includes each document or group of that are known to you or that can be located or discovered by reasonable diligent efforts.

      f.    The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

      g.    The term "person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

      h.    The terms "pertains to" or "pertaining to" mean and include relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts. These terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

      i.    The terms "relates to" or "relating to" mean and include constituting, referring to, pertaining to, evidencing, reflecting, describing, or has anything to do with, and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either: (1) provides information with

3

respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

j.    The term "action" shall mean the above captioned case *Tonya Griffin v. Georgia Pacific, LLC*, originally filed in the Circuit Court for the Third Judicial Circuit, in and for Taylor County, Florida, Case No. 20-CA-534.

k.    The term "Complaint" shall mean the Complaint, Amended Complaint and any further amendments thereto, filed by Plaintiff in her action. If not capitalized, the term "complaint" means any formal or informal expression of dissatisfaction, discontent, objection, or grievance.

l.    The term "communication" means the transmittal of information by any means.

## **INSTRUCTIONS**

If you object to fully identifying or producing a document or evidence of oral communication because of a privilege, please provide the following information unless divulging the information would disclose the privileged information:

(1)     the nature of the privilege claimed (including work product);

(2)     if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3)     the date of the document or oral communication;

(4)     if a document; its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(5)     if an oral communication; the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)     the general subject matter of the document or the oral communication.

These interrogatories and the document requests served herewith are continuing in nature so as to require you to file prompt supplementary and amended answers and/or responses, if you have obtained further or different information relative to any of the interrogatories and/or document requests prior to trial herein. This request shall be deemed continuing so as to require prompt, further and supplemental production (without further request by defendant or its attorneys) if you locate or obtain possession, custody or control of additional responsive documents at any time prior to trial herein. Failure to promptly supplement your answers and responses to the following interrogatories and document requests may

result in Defendant moving the court to strike any such information or documents from being introduced as evidence at any motion, hearing, or trial in this action.

## <u>REQUESTS FOR PRODUCTION</u>

1.     Any and all documents identified, referred or relied upon, or which Plaintiff believes support, tend to support, or tend to refute her responses to Defendant's First Set of Interrogatories.

2.     Any and all documents that support, refute, tend to support, or tend to refute Plaintiff's allegations against Defendant, its agents, employees, or managers.

3.     Any and all documents that relate to or support the allegations contained in Count I of the Complaint alleging disability discrimination.

4.     Any and all documents that relate to or support the allegations contained in Count II of the Complaint alleging retaliation.

5.     Any and all documents relevant to your claims and allegations in this case that you received or obtained from any person who you contend may have knowledge of any relevant fact(s) in this case, including, but not limited to, any statements, notes, or affidavits.

6.     Any and all documents that reflect, support, refute, tend to support, or tend to refute each and every loss, expense, or damage, which you claim was suffered or incurred by you, or on your behalf, as a result of the allegations contained in your Complaint.

7.      Any and all documents relating to Plaintiff's employment with Defendant, including all documents that Plaintiff received from Defendant, including any and all wage statements, pay stubs, and tax documents (Form 1099s, W-2s, etc.).

8.      If Plaintiff filed a claim for unemployment benefits in connection with her separation from employment with Defendant, a copy of every document sent to and received from the Florida Agency for Workforce Innovation. If you filed such a claim for unemployment benefits, please also execute the attached Release for records from the Agency for Workforce Innovation.

9.      If you have ever received or applied for Medicare, Medicaid, Social Security, or Social Security Disability benefits, please complete the attached Social Security Administration Consent for Release of Information.

10.      Any and all documents that relate to Plaintiff's medical, psychological, and/or counseling records and reports from January 1, 2016, to the present. In addition, please execute the attached release form, by including your social security number and date of birth and completing the top portion of the form, releasing such medical information to the undersigned law firm for the limited purpose of use in her lawsuit, for each health care professional seen from January 1, 2016, to the present.

11.     Any and all income tax returns prepared by or for Plaintiff, whether filed jointly or separately, from January 1, 2018, to the present, including any W-2 forms relating to such tax returns and any schedules and other supporting records.

12.     Any and all documents relating to any fee agreement you entered into with any counsel pertaining to this action, or where retention was sought in any way relating to your employment with, or termination from Defendant.

13.     Any and all documents that relate to such applications or efforts by Plaintiff to secure employment from June 1, 2018 to date, including but not limited to any applications for employment filled out or submitted by Plaintiff and any documents regarding the outcomes of any applications.

14.     Any and all documents relating to any prior lawsuit, prosecution, or other legal or administrative charge, claim, or proceeding in which Plaintiff was a claimant, respondent, plaintiff, defendant, petitioner, respondent, party, or witness, including without limitation, copies of any sworn or unsworn statements or testimony by Plaintiff.

15.     To the extent not already requested above, all documents that concern, regard, chronicle, reference, support, relate to in any way, or otherwise evidence, either directly or indirectly, the damages claimed in Plaintiff's Complaint.

DATED:  February 24, 2021.

Respectfully submitted,

/s/ Vanessa A. Patel

Vanessa Patel
Florida Bar No. 103928
vanessa.patel@ogletree.com
Karen E. Smeda
Florida Bar No. 1011113
Karen.smeda@ogletree.com
Secondary E-mail: elba.chinea@ogletree.com
                  angela2.jackson@ogletree.com
                  TAMDocketing@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Tel.  813-289-1247/Fax: 813-289-6530
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 24, 2021, a true and correct copy of the foregoing has been furnished via electronic and U.S. Mail, postage prepaid upon the following:

> Marie A. Mattox, Esq.
> Jim Garrity, Esq.
> 203 North Gadsden Street
> Tallahassee, FL 32301
> T: (850) 383-4800
> marie@mattoxlaw.com
> jim@jimgarritylaw.com
> *Counsel for Plaintiff*

> */s/ Vanessa A. Patel*
> Attorney

46117634.1

**IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT IN AND FOR
TAYLOR COUNTY, FLORIDA**

TONYA GRIFFIN,

     **Plaintiff,**

v.                             **CASE NO. 20-CA-534**

GEORGIA PACIFIC, LLC,

     **Defendant.**

_____/

## <u>PLAINTIFF'S ANSWERS TO FIRST INTERROGATORIES</u>

1.    Identify all persons, including their addresses, telephone numbers, and job titles, who you believe to possess knowledge or information pertaining to or who you believe to have witnessed any fact or issue involved in this case, including damages sought. Include in your response a description of the substance of their knowledge.

    <u>**ANSWER:**</u>

    a.  <u>**Ruth Stevens-Senior HR Generalist;**</u> 1 Buckeye Dr, Perry FL  32348- this person has knowledge of targeting me for termination because I sought worker's compensation. She failed to assist me in the worker's compensation process.

    b.  <u>**Deborah Flowers – Retired HR; current contact information unknown-**</u> Retired HR: 1 Buckeye Dr Perry FL  32348- this person has knowledge of them targeting me for termination. HR Mrs. Flowers was the first person I came in contact with, I asked Mrs. Flowers where had they moved me to. Mrs. Flowers informed me I needed to speak with Ruth Stevens.  Before Mrs. Stevens (Senior HR Generalist) came out, Mrs. Flowers had gone down the hall into another room; I think to call Mrs. Stevens letting her know I was here.

    c.  <u>**Laura Ferrer – Unknown position-**</u> 1 Buckeye Dr Perry FL  32348 – this person has knowledge of allowing me to enter the premises because my access was denied.

    d.  <u>**Eric Jones; Union Rep/ Position Unknown:**</u> 1 Buckeye Dr Perry FL  32348 – this person only has brief knowledge. I phoned Mr. Jones on May 06, 2019 but no answer. Then I spoke with Mr. Jones in Walmart concerning matter on Friday May 10, 2019. He stated to me Mr. Danny Faircloth, President of Union would be my go-to person.

e. **Danny Faircloth; President Union Rep/Position Unknown:** 1 Buckeye Dr. Perry FL  32348 – this person has no knowledge because I phoned Mr. Faircloth on May 06, 2019 after visit with Mrs. Stevens.  Mr. Faircloth did not answer nor did I receive a call back.

f. **Christina Weed – RN Georgia Pacific-** this person has knowledge of handline the details regarding my accident including receiving WC information about me soon as the Doctor has completed my appointment. Christina is contracted through Premier Medical.

g. **Linda Evans-** this person has knowledge of being my supervisor.

h. **Michelle Weldon;** with Defendant's worker's compensation carrier- this person has knowledge of randomly showing up at one of Plaintiff's medical appointments.

i. **Dr. Abdul Sofia – MD;** Premier Medical, 315 E Ash Street, Perry FL  32347; (850) 584-3278; After my examination and before completion of my appointment with Dr Sofi, he gave me an injection of pain meds, steroid shot, plenty of rest and an excuse not return to work until after my appointment with the ORTHO Clinic (TOC) in Tallahassee FL on May 2nd.

2. Identify each document that you contend supports any claim asserted in your Complaint, or that refutes any defense or affirmative defense asserted by Defendant, giving a brief description of what you believe each document proves, and identifying all documents which support, tend to support, or tend to refute your response to this Interrogatory.

   **ANSWER:**

   Medical records including doctor's work notes provided by Dr. Abdul Sofi and Dr. Thomas Parks proves I was under medical care and on work restrictions from a workplace injury.

   Termination letter dated 5.10.2019

   Files from my Worker's Compensation and Unemployment Compensation claim

2

3.      List each element of damages that you are claiming and include in your response the following: the category into which item of damages falls (*i.e.* general damages, special or consequential damages, interest, and any other relevant categories); the factual basis for each item of damages; the amount claimed for each; and an explanation of how each amount was calculated, including any mathematical formula.

**ANSWER:**

   a.   I was making $16 per hour and working 40 hours per week. I have not held a job since this termination so I have lost this amount since 5/13/2019. It has been 96 weeks. $640 per week for 96 weeks is about $61,440 lost in wages to date. This calculation is ongoing.

   b.   Overtime: I am also missing overtime pay which was $16 plus time and a half and I usually worked overtime about 2 to 3 days within a week. I would have also received holiday pay for every holiday as well.

   c.   Pay increase: I was in the process of completing next Level 2 which would have increased my pay to $17.49.

   d.   Insurance: The Defendant was paying of half of the cost of my insurance during my employment. I now do not have health insurance. Since loss of employment date: 05/2019, I only had to pay Walmart for my Hypertension meds at a discounted price @ $21.00 plus for a 3 month supply, give or take.

   e.   Early withdrawal from retirement: Distribution Gross Pay $1039.04 – Deductions $207.81= Net Pay $831.23

4.      If you claim damages for mental or emotional anguish or suffering, please give a full and complete description of such anguish or suffering and how, if at all, it manifested itself, and the pecuniary value of such alleged anguish or suffering.

**ANSWER:**

After I was wrongfully terminated, I became depressed, experiencing; insomnia, loss of interest in daily activities, unexplained aches and pains, uncontrollable crying and low mood most days, worried that I would lose my house and unable to pay my bills.

Plaintiff has not placed an amount on these damages as she is seeking the maximum allowed by law and as awarded by a jury.

5.     Identify any and all psychiatrist(s), psychologist(s), or other mental health care provider, from whom you have sought and/or received treatment for any emotional distress and mental pain and suffering as alleged in your Complaint.

**<u>ANSWER:</u>**

I could not afford professional help so I got counseling from my Church Pastor, Deacon Thomas Demps.

6.     Identify all medical practitioners, including, but not limited to, physicians, psychologists, therapists, counselors, and other health care providers from whom you have received consultation, treatment, and/or examination for any physical, mental, or emotional illness, injury, or condition from January 1, 2016 to the present; list the address of each and their specialty area of practice; and describe briefly the reason for the service(s) and the date(s) on which the service was provided.

**<u>ANSWER:</u>**

1) Doctors Memorial Hospital
   a) 333 N Byron Butler Pkwy, Perry FL 32348
   b) Emergency room
   c) Right pinky finger
   d) Service provided: Repair of Finger (stitches, pain medication) WC Injury
   e) Date of service: 02/18/2018, 04/10/2019

2) Tallahassee Orthopedic Clinic at Doctors Memorial Hospital
   a) 333 N Byron Butler Pkwy, Perry FL 32348
   b) Orthopedic clinic
   c) Right pinky finger
   d) Service provided: Service Provided: Repair of Finger (Torn Ligament)
   e) Date of service: 03/01/2018

3) Dr. Adbul Sofi
   a) 315 E Ash Street, Perry, FL  32348
   b) Type of doctor: Family Practice/Internal Medicine
   c) Worker's comp injury
   d) Service provided: Checkup of WC Injury/Follow up Appointments
   e) Date of service: 04/12/2019, 04/15/2019, 04/16/2019, 04/22/2019, 04/29/2019

4) Dr. Floyd Jaggears
   a) 3334 Capital Medical Blvd #400, Tallahassee, FL  32308
   b) Type of doctor: Orthopedic Surgeon
   c) Worker's comp shoulder injury
   d) Service provided: Follow Up Visits/Repair of Rotator Cuff

4

      e) Date of service: 06/10/2019, 06/27/2019, 08/07/2019, 09/18/2019, 10/21/2019, 10/24/2019, 12/4/2019, 01/08/2020, 02/05/2020, 04/03/2020, 05/06/2020

  5) Dr. Thomas Parks
      a) 3334 Capital Medical Blvd #200, Tallahassee, FL  32308
      b) Type of doctor: Orthopedic Surgeon
      c) Worker's comp back injury
      d) Service provided: WC Examine/Follow Up Appointment
      e) Date of service: 05/02/2019, 05/13/2019

  6) Dr. Brad Stephens
      a) 3334 Capital Medical Blvd #200, Tallahassee, FL  32308
      b) Type of doctor: Orthopedic Surgeon
      c) Carpal tunnel
      d) Service provided:
      e) Date of service:

  7) Dr. Christopher Babl
      a) 2160 Capital Cir NE Ste200, Tallahassee, FL  32308
      b) Pain Management
      c) WC Injury
      d) Service provided: Repaired Carpal Tunnel of Left Hand
      e) Date of service: 2016

  8) Dr. Lee Nelsen
      a) 305 N Orange St, Perry 32347
      b) Chiropractor
      c) Worker's Comp Back /Shoulder Injury
      d) Service Provided: Treatments to Shoulder (Back)
      e) Date Provided: 10/036/2019, 10/07/2019, 10/09/2019, 10/10/2019, 01/13/2020

7. Please identify each employer for whom you have worked since high school. Please include the name and address of the employer, your supervisor, dates of employment, reason for separation, whether any complaints were filed by or against you, and your salary or hourly wage.

    **<u>ANSWER:</u>**

  a. McDonalds
    1) Address: 2132 US 19 S, Perry FL  32348
    2) Supervisor: Tracy McClinton
    3) Dates of employment: 1985 – 1987
    4) Reason for separation: Advancement
    5) Any complaints filed against you: no
    6) Rate of pay: Minimum Wages for that Present Year

b. Wendy's
   1) Address: US 19 S, Perry FL  32348
   2) Supervisor: Herbert Clayton
   3) Dates of employment: 1990 – 1992
   4) Reason for separation: advancement
   5) Any complaints filed against you: no
   6) Rate of pay: Minimum Wages for that Present Year

c. Head Start
   1) Address: Martin Luther King Blvd, Perry FL  32348
   2) Supervisor: Thelma Newberry (Deceased)
   3) Dates of employment: 01/1990 – 10/1992
   4) Reason for separation: program closed
   5) Any complaints filed against you: no
   6) Rate of pay: Minimum Wages for that Present Year

d. Winn Dixie
   1) Address: 2057 S Byron Butler Pkwy, Perry, FL  32348
   2) Supervisor: Mr. Bailey
   3) Dates of employment: 1992 - 10/93
   4) Reason for separation: advancement
   5) Any complaints filed against you: no
   6) Rate of pay: Minimum Wages for that Present Year

e. State of Florida Department of Insurance
   1) Address: 2012 Capital Circle SE, Tallahassee, FL 32308
   2) Supervisor: Lisa Payne
   3) Dates of employment: 11/1993 – 06/2012
   4) Reason for separation: Downsize of the department triggered layoff
   5) Any complaints filed against you: none that I recall
   6) Rate of pay: $16 per hour

f. Doctors Memorial Hospital
   1) Address: 333 N Byron Butler Pkwy, Perry, FL  32348
   2) Supervisor: Debbie Howard
   3) Dates of employment: 02/2014 – 11/2014
   4) Reason for separation: insubordination
   5) Any complaints filed against you: I believe so but I cannot recall.
   6) Rate of pay: $9 to $9.50 per hour

g. Taylor Intellectual
   1) Address: 106 E Main ST, Perry, FL  32348
   2) Supervisor: Janet Cobb
   3) Dates of employment: 12/2014 – 10/2015
   4) Reason for separation: unsure; I believe I quit
   5) Any complaints filed against you: no

6)  Rate of pay: $9 to $11 per hour

h.  Thule
    1)  Address: 606 Industrial Park Dr, Perry, FL  32348
    2)  Supervisor: Kevin
    3)  Dates of employment: 08/2016 – 11/2016 and 09/2017-01/2018
    4)  Reason for separation: advancement/ contract ended
    5)  Any complaints filed against you: no
    6)  Rate of pay: $8.50 to $9.49

i.  Big Bend Transit
    1)  Address: 553 N Byron Butler Pkwy, Perry, FL  32348
    2)  Supervisor: Mrs. Dickey
    3)  Dates of employment: 11/2016 – 09/2017
    4)  Reason for separation: advancement
    5)  Any complaints filed against you: no
    6)  Rate of pay: $9 per hour

j.  Georgia Pacific
    1)  Address: 1 Buckeye Dr, Perry, FL  32348
    2)  Supervisor: Arthur Brown/Linda Evans
    3)  Dates of employment: June 01, 2018 – 05/2019
    4)  Reason for separation: wrongful termination
    5)  Any complaints filed against you: no
    6)  Rate of pay: $16 per hour

8.  Please set forth any compensation of any kind or character whatsoever received from any source at any time during and/or after the cessation of your employment with Defendant and please state the total amount and type of such compensation received. This request includes, but is not limited to: wages, unemployment compensation, workers' compensation, disability pay, welfare payments, vacation benefits, health insurance, sick leave pay, holiday pay, income from any pension, profit-sharing, or annuity plan or any other income or benefit.

**ANSWER:**

a.  Retirement Pay-out: $1039.04 – Deductions $207.81= Net Pay $831.23
b.  Food Stamps: $194 per month
c.  Unemployment: $250 Biweekly Until WC Started, then 0 until after Workers Comp ended
d.  Workers Compensation: After my surgery due to my injury at Georgia Pacific, and at the start of my WC Injury benefit payment, I was receiving $1045.22 bi-weekly (11/15/2019 – 12/12/2019). After my Physician rated my injury after several months, my benefits lowered to $1003.36 (01/09/2020 - 05/14/2020) bi-weekly, then I received $674.20 (05/28/2020 – 06/10/2020) my final benefit payment was $783.92 on 06/25/2020.

9.  Describe the efforts you have made to obtain other employment or income from any source since you last worked for Defendant. Include the name and address of all prospective employers, date of each communication, position(s) for which you applied, and rate of pay. If offered a position, state each position offered, the date that you accepted or rejected the offer, and, if applicable, when you began your employment.

**ANSWER:**

Due to being unable to work immediately after being terminated due to injury and workman's comp as I was under doctor's care with restrictions. Restrictions included no overhead lifting and weight restriction of 5 pounds. I was released from Workman's Comp in May 2020 and started receiving Unemployment, but due to the Covid-19 pandemic, Governor DeSantis waived the job search until 04/01/2021.

> Name: Boys & Girls Club Headstart
> Address: 918 North Washington Street, Perry FL  32348
> Date of Communication: 07/16/2019
> Position applied for: Teacher's Aide
> Rate of Pay: $9.50

10. Identify each and every person, including, but not limited to, employees and former employees of Defendant, with whom you have communicated, discussed, or corresponded regarding the claims in your Complaint or otherwise regarding the subject matter of this dispute, including for each such person whether such individual has ever been employed by Defendant, the approximate date of the communication, the method and substance of the communication, and any action taken by you as a result of the communication.

**ANSWER:**

On or around April 29, 2019, I called Christina Weed to inform her that I had an appointment at 9:00 with Dr. Abdul Sofi and was feeling ill so I would not be in. RN Weed told me to call Linda Evans and notify her as well, which I did. That same day, I got a text from RN Weed saying that they expected me to be back to work. I told her that my physician had excused me from work until May 2, 2019.

On May 2, 2019, I had an appointment with TOC. In the middle of my appointment and without my consent, Field Case Manager (FCM) Michelle Weldon with Coventry (Defendant's workers compensation insurance carrier) burst into the examination room. FCM Weldon said Defendant had instructed her to accompany me to the appointment and make sure I attended. At this appointment I was given a return-to-work date of 5/6/2019.

When I returned on 5/6/2019, I was unable to access the building because my access had been deactivated. I then noticed someone else was already working in my room so I went

to HR and spoke with Deborah Flowers. Flowers told me I would have to speak with Ruth Stevens. Ruth came storming out of her office asking who let me into the office. Flowers told Stevens that it was Ferrer who let me in then Stevens then yelled at Ferrer and had me wait in the lobby for about 10 minutes. When we got into her office, she started off by asking me to explain what happened. She said that I was supposed to return to work on 4/29/2019 but they knew I had a doctor's excuse to return to work on 5/2/2019 which was then extended to 5/6/2019. I asked what was going on and Stevens told me that I had been suspended for not returning to work on 4/30/2019. I then asked to leave until I could get my union representative present and she asked for me to turn over my badge.

On 5/8/2019 Stevens called me and tried to say that she never told me she had suspended me. I said ok Mrs. Stevens I am not going to argue this matter with you, can you please tell me what's going on.  Mrs. Stevens then asked if this was a good contact number (850) 843-4681 to reach me at. I replied at this present time, yes. Mrs. Stevens then says she will call me back tomorrow.

On 5/9/2019 Stevens called me again to apologize for not setting another meeting and to say she had not gotten thing together yet but that should we call me back tomorrow after 2pm.

5/13/2019, I received a termination letter in the mail.

11. Other than this action, have you ever been a party to any kind of civil legal proceeding, including bankruptcy? If so, for each such occasion identify the full name of the lawsuit providing the names of all parties; case number of each proceeding; jurisdiction and court in which each case was pending; whether you were a plaintiff, defendant, or other party; and disposition and/or outcome of the case.

   **ANSWER:**

   a. Dissolving Marriage; Case 06-057DR; Taylor County Florida

   b. Mott Buick Company v. Tonya Griffin; Case number: 01-184 SP; Suwanee County Florida; Final judgment against Defendant for $2400

   c. Tonya Griffin v. Doctor's Memorial Hospital; case number: 2015CA000544; Leon County Circuit Court; Plaintiff; Settled.

12.     State the full names, addresses, and telephone numbers of all persons who assisted in the preparation of, or who prepared, your responses to these Interrogatories, and for each individual, please state their role in preparing the Interrogatory responses and identify all documents used to prepare your responses to these Interrogatories.

**<u>ANSWER:</u>**

Tonya Griffin
606 W Veterans Drive
Perry, FL  32347

## VERIFICATION PAGE

_____
Tonya Griffin

STATE OF FLORIDA
COUNTY OF Taylor .

The foregoing instrument was acknowledged before me, by means of ☑ physical presence
or ☐ online notarization, this 4th day of May , 2021 by Tonya Griffen,
who states that they have read the foregoing answers to interrogatories and that the answers are
true and correct.

SWORN TO and subscribed before me this 4th day of May 2021.

_____
Notary Public, State of Florida

Printed Name: Tremmie Lee Robinson

Commission Expiration Date: 8-11-2024

Personally Known: ☑
OR Produced Identification: ☐
Type of Identification Produced: _____



TREMMIE LEE ROBINSON
Commission # GG 981537
Expires August 11, 2024
Bonded Thru Troy Fain Insurance 800-385-7019

11

**IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT IN AND FOR
TAYLOR COUNTY, FLORIDA**

**TONYA GRIFFIN,**

     **Plaintiff,**

**v.**                            **CASE NO. 20-CA-534**

**GEORGIA PACIFIC, LLC,**

     **Defendant.**

_____/

<u>**PLAINTIFF'S RESPOSNE TO FIRST REQUESTS FOR PRODUCTION**</u>

1.    Any and all documents identified, referred or relied upon, or which Plaintiff believes support, tend to support, or tend to refute her responses to Defendant's First Set of Interrogatories.

    **<u>RESPONSE:</u>** Please see attached.

2.    Any and all documents that support, refute, tend to support, or tend to refute Plaintiff's allegations against Defendant, its agents, employees, or managers.

    **<u>RESPONSE:</u>** None other than those produced in response to request number one are within the Plaintiff's possession, custody or control.

3.    Any and all documents that relate to or support the allegations contained in Count I of the Complaint alleging disability discrimination.

    **<u>RESPONSE:</u>** None other than those produced in response to request number one are within the Plaintiff's possession, custody or control.

4.    Any and all documents that relate to or support the allegations contained in Count II of the Complaint alleging retaliation.

    **<u>RESPONSE:</u>** None other than those produced in response to request number one are within the Plaintiff's possession, custody or control.

5.      Any and all documents relevant to your claims and allegations in this case that you received or obtained from any person who you contend may have knowledge of any relevant fact(s) in this case, including, but not limited to, any statements, notes, or affidavits.

**RESPONSE:** None other than those produced in response to request number one are within the Plaintiff's possession, custody or control.

6.      Any and all documents that reflect, support, refute, tend to support, or tend to refute each and every loss, expense, or damage, which you claim was suffered or incurred by you, or on your behalf, as a result of the allegations contained in your Complaint.

**RESPONSE:** None other than those produced in response to request number seven are within the Plaintiff's possession, custody or control.

7.      Any and all documents relating to Plaintiff's employment with Defendant, including all documents that Plaintiff received from Defendant, including any and all wage statements, pay stubs, and tax documents (Form 1099s, W-2s, etc.).

**RESPONSE:** Please see attached.

8.      If Plaintiff filed a claim for unemployment benefits in connection with her separation from employment with Defendant, a copy of every document sent to and received from the Florida Agency for Workforce Innovation. If you filed such a claim for unemployment benefits, please also execute the attached Release for records from the Agency for Workforce Innovation.

**RESPONSE:** None other than those produced in response to request number one are within the Plaintiff's possession, custody or control.

9.      If you have ever received or applied for Medicare, Medicaid, Social Security, or Social Security Disability benefits, please complete the attached Social Security Administration Consent for Release of Information.

**RESPONSE:** Plaintiff will provide an execute Social Security Administration release.

10. Any and all documents that relate to Plaintiff's medical, psychological, and/or counseling records and reports from January 1, 2016, to the present. In addition, please execute the attached release form, by including your social security number and date of birth and completing the top portion of the form, releasing such medical information to the undersigned law firm for the limited purpose of use in her lawsuit, for each health care professional seen from January 1, 2016, to the present.

    **RESPONSE:** None other than those produced in response to request number one are within the Plaintiff's possession, custody or control. Plaintiff objects to signing the release provided by Defendant with this request as it is not specifically tailored to any certain medical provider making it extremely vague. Plaintiff may be willing to sign a release that is tailored to specify from whom the Defendant wishes to obtain records from.

11. Any and all income tax returns prepared by or for Plaintiff, whether filed jointly or separately, from January 1, 2018, to the present, including any W-2 forms relating to such tax returns and any schedules and other supporting records.

    **RESPONSE:** None other than those produced in response to request number seven are within the Plaintiff's possession, custody or control.

12. Any and all documents relating to any fee agreement you entered into with any counsel pertaining to this action, or where retention was sought in any way relating to your employment with, or termination from Defendant.

    **RESPONSE:** Please see attached.

13. Any and all documents that relate to such applications or efforts by Plaintiff to secure employment from June 1, 2018 to date, including but not limited to any applications for employment filled out or submitted by Plaintiff and any documents regarding the outcomes of any applications.

    **RESPONSE:** There are no documents responsive to this request within the Plaintiff's possession, custody or control.

14. Any and all documents relating to any prior lawsuit, prosecution, or other legal or administrative charge, claim, or proceeding in which Plaintiff was a claimant, respondent, plaintiff, defendant, petitioner, respondent, party, or witness, including without limitation, copies of any sworn or unsworn statements or testimony by Plaintiff.

    **RESPONSE:** There are no documents responsive to this request within the Plaintiff's possession, custody or control.

15.     To the extent not already requested above, all documents that concern, regard, chronicle, reference, support, relate to in any way, or otherwise evidence, either directly or indirectly, the damages claimed in Plaintiff's Complaint.

**RESPONSE:** Please see attached.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Jim Garrity
Jim Garrity (FBN: 0539211)
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record via electronic filing to all counsel of record this 5th day of May, 2021.

<div style="margin-left:40%">

/s/ Jim Garrity
Jim Garrity

</div>

4